UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| HEATHER WISER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-012-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOYLE COUNTY SHERIFF'S | ) | **MEMORANDUM ORDER** |
| DEPARTMENT, et al., | ) | **AND OPINION** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Taylor Bottom, the Boyle County Sheriff's Department, and Boyle County, Kentucky (collectively, the "defendants") have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 9] However, Plaintiff Heather Wiser ("Wiser") has not responded to the motion within the time permitted by the Local Rules. Notwithstanding the plaintiff's failure to respond, the Court has fully considered the matter and will grant the defendants' motion.

**I.**

On January 24, 2024, Wiser returned home to retrieve clothing for her children as she had not been staying there due to a broken water pipe and lack of electricity.[1] [Record No. 8] But before the task could be completed, Deputy Sheriff Larry Curtis and another unnamed Boyle County Sheriff's Deputy pulled their vehicle behind Wiser's, approached her vehicle, and requested permission to search the home. Wiser agreed to the search. Additionally, she

---

[1] The Court accepts the plaintiff's claimed facts as true for purposes of resolving the pending motion.

- 1 -

advised Curtis that she had not been staying at her house but, instead, had been residing with family and friends. Although the search by officers did not reveal any illegal items, Wiser was arrested and charged with first-degree criminal abuse and operating a motor vehicle on a suspended or revoked license. Wiser was taken to the Boyle County Detention Center. Her bond was later set at $5,000. Almost immediately, Boyle County Sheriff Taylor Bottom commenced an investigation into Curtis' actions on the day of the plaintiff's arrest.

Wiser was arraigned on January 30, 2024. At some point during her incarceration, members of the Boyle County Sheriff's Department approached the plaintiff and indicated that they were aware she been wrongly charged. The unidentified persons encouraged Wiser to file a complaint against Curtis. They also stated that Curtis had been fired for his behavior towards her and other individuals.

Wiser contends that, although Bottom knew there was no basis for the charges against her, until February 7, 2024, the sheriff did not provide the County Attorney with body camera footage that would have exonerated her or inform him that she had been wrongly incarcerated. She further alleges that, notwithstanding this information, the County Attorney wished to pursue the charges and sought convince Wiser to stipulate to probable cause. However, the case was ultimately "discharged" on February 7, 2024, with Wiser being released from custody on that date.[2]

II.

---

[2]  Wiser contends that, "despite knowing the charges were entirely fabricated, [the County Attorney] agreed[d] to **discharge** her case though he would not completely dismiss her case." [*See* First Amended Complaint, ¶ 55; Record No. 8.]

Wiser filed this action on January 22, 2025, asserting claims against the Boyle County Sheriff's Department, Boyle County Sheriff Taylor Bottom, Boyle County, Kentucky, Larry Curtis, and Boyle County Judge Executive Trille Bottoms. The defendants initially moved to dismiss Wiser's Complaint on February 18, 2025. [Record No. 4] Wiser filed a response to that motion together with a motion to amend her Complaint. [Record Nos. 5 & 6] Thereafter the undersigned granted Wiser's motion to amend and denied the initial motion to dismiss as moot. [Record No. 7] The defendants then moved to dismiss the plaintiff's First Amended Complaint. But as noted as above, Wiser did not respond to the most recent motion within the time provided by the local rules or seek additional time to file a response.[3]

### III.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court examines whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*quoting Twombly*, 550 U.S. at 556). Further, the Court looks to the substance of the entire complaint to determine if the claims are properly asserted, and it must be "construed so as to do justice." Fed. R. Civ. P. 8(e).

---

[3] A plaintiff's failure to respond, standing alone, is an insufficient reason to grant a motion to dismiss. *Goins v. St. Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 750 (E.D. Ky. 2022). Instead, the Court examines the movant's position to ensure that dismissal is appropriate. *Id.* (*citing Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although a plaintiff is not required to plead facts showing that a defendant is likely to be responsible for the harm alleged, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Finally, when reviewing a Rule 12(b)(6) motion, the court "accept[s] all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). However, the Court will dismiss a complaint if the factual allegations are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### IV.

#### A.

Defendants Boyle County Sheriff Taylor Bottom, Boyle County, Kentucky, and the Boyle County Sherriff's Department have moved to dismiss all claims asserted against them.[4] Sheriff Bottom moves to dismiss the claims contained in Count I of the First Amended Complaint which seeks relief under 42 U.S.C. § 1983 based on Wiser's alleged wrongful arrest and confinement in violation of the Fourth and Fifteenth Amendments to the United States Constitution. Because Wiser has asserted claims against Bottom in his individual capacity, he

---

[4] In numerical paragraph 1 of the First Amended Complaint, Wiser states that "[t]his is a civil action seeking damages against Defendants, individually and in their official capacities. . . " [Record No. 8]

contends that he is entitled to qualified immunity. [Record No. 9-1, pp. 4-5] And to overcome qualified immunity, a plaintiff must allege "facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

Further, the plaintiff bears the burden of showing "that a reasonable officers would have known their actions were unconstitutional under the specific circumstances encountered." *Bell v. City of Southfield, Mich.*, 37 F.4th 362, 367 (6th Cir. 2022). Further, a right can only be deemed clearly established when "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. at 368. To determine whether a plaintiff has asserted a violation of a clearly established constitutional right, the court "examine[s] the substantive rights underlying each of [her] …. requests for relief." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)

In Count I, Wiser alleges violations of the Fourth, Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution based on wrongful arrest and detention.[5] Taking the facts most favorably to Wiser, there is no clear basis for her to show that her rights were violated under any of these amendments. The Fifteenth Amendment (referenced in the heading under Count I) generally provides that the right of citizens to vote shall not be denied on account of race, color, or previous condition of servitude. *See generally* U.S. Const.

---

[5] The caption of Count I asserts "wrongful arrest/confinement in violation of the Fourth and Fifteenth Amendments of the United States Constitution". However, in paragraph 71 of the First Amended Complaint, Wiser claims that the defendants' actions were in violation of the Fifth and Fourteenth Amendments. [*See* First Amended Complaint, pp. 9-10; Record No. 8.]

- 5 -

Amend. XV. As there is no issue concerning her right to vote, this cannot form the basis of her claim based on the facts Wiser has alleged.

The basis for Wiser's claim under 42 U.S.C. §1983 stems from alleged unlawful detention. However, courts have determined that "[t]he Fourth Amendment, not the Fifth or Fourteenth, is the proper vehicle to 'define the 'process that is due' for seizures of persons or property in criminal cases, including the detention of suspects pending trial.'" *Estep v. Combs*, 366 F. Supp. 3d 863, 882 (E.D. Ky. 2018).

The Fourth Amendment protects the right "to be free from continued detention without probable cause." *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006). A plaintiff seeking to show continued detention in violation of the Fourth Amendment must demonstrate: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause; (3) as a result of a legal proceeding, the plaintiff suffered a deprivation of liberty (apart from the initial seizure); and (4) the criminal proceeding has been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010). To demonstrate that the defendant made, influenced, or participated in the decision to prosecute, the plaintiff must show that he acted with the requisite degree of blameworthiness or culpability. *See Johnson*, 790 F.3d at 654. A plaintiff also must demonstrate that the officer's conduct materially influenced the decision to prosecute. *Sykes*, 625 F.3d at 315-16.

The plaintiff contends that Bottom withheld bodycam footage from the County Attorney until February 7, 2024. However, Wiser does not allege in the First Amended Complaint that Bottom intentionally took such action or withwithheld bodycam footage or evidence that he knew was exculpatory. Wiser also relies on the deputy sheriffs' statements

who were present the night she was arrested, as well as the unknown Sheriff's Department employees who visited her while detained and told her that they knew she had been wrongly detained. But she does not reference Sheriff Bottom's actions or provide any reason regarding why he specifically knew the charges against her lacked merit. She contends that Bottom had access to bodycam footage and references a report (not submitted) and, therefore, he must have known there was no basis for her prosecution. But even if Sheriff Bottom had access to the information, Wiser does not assert that he reviewed the footage or the report as is necessary to meet her burden to show he knew there was no basis for her arrest.

Alternatively, Wiser contends that by January 30, 2024, the County Attorney's office had access to the relevant bodycam footage, which was eight days before Sheriff Bottom provided it. Given that the exculpatory evidence was known to the prosecutor by that point, Bottom bore "no further disclosure duty with respect to that evidence." *Alexander v. Harrison*, 2022 WL 13983651, at *4 (6th Cir. Oct. 24, 2022). And since the prosecution had possession of the footage, the decision of whether to pursue charges against Wiser could not have been based on any omission by Sheriff Bottom.

Finally, Bottom notes that Wiser does not contend that he withheld the purportedly exculpatory evidence, but rather just that he was delayed in disclosing it for an unspecified period (at most, thirteen days). Even if Bottom had reason to question whether the charges against Wiser were supported by probable cause, the county had access to that information by at least the date of Wiser's arraignment, and there is no basis to infer that this slight delay amounts to a deprivation of Wiser's Fourth Amendment rights. As such, Wiser has not met her burden to show Bottom could have deprived her of her Fourth Amendment rights. Thus, Count I does not include a viable claim against Bottom.

**B.**

The defendants contend that Count V of Wiser's First Amended Complaint does not allege facts sufficient to state a *Monell* claim. To prevail, a plaintiff must show that her deprivation of rights occurred because of a government's custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). A plaintiff can meet this burden by demonstrating that "an official with final decision-making authority ratified illegal actions." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The plaintiff must also demonstrate earlier instances of the same unconstitutional conduct being overlooked. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (to prevail under theory of "a custom of tolerance or acquiescence of federal rights violations," plaintiff must show, among other things, "the existence of a clear and persistent pattern of [illegal activity]").

Wiser's claims in Count V fail because she has not shown that the County approved of, ratified, or otherwise hid unconstitutional conduct by Curtis. The only conduct alleged in the First Amended Complaint that supports an inference of unconstitutional conduct is "the County Attorney's refusal to dismiss charges that he knows to be fabricated in an attempt to force Plaintiff to stipulate to probable cause in order to be released from jail." [Record No. 8 at p. 108] But as discussed previously, Wiser has not sufficiently supported these allegations and there is no definite timeline by which the County Attorney would have had to drop the charges for the delay to amount to a violation of Wiser's constitutional rights and any delay in dropping the allegations against her was minimal.

Wiser also has failed to demonstrate that there were any other earlier instances of misconduct by the defendants, and showing only one instance of unconstitutional conduct is insufficient to survive a motion to dismiss against a *Monell* claim. *Burns v. Lexington-Fayette*

*Urban Cnty. Gov't*, 2024 WL 966373, at *3 (E.D. Ky. Mar. 6, 2024). Thus, there is no basis under which the Court can infer the defendants engaged in systemic abuse of Wiser's constitutional rights under and she cannot show that an official custom or policy of Boyle County caused her arrest and detention.

### C.

Wiser has not asserted a plausible state law claim against Boyle County or the Boyle County Sheriff's Department because all such claims made against these entities are barred by sovereign immunity. "Counties, which predate the existence of the state and are considered direct political subdivisions of it, enjoy the same immunity as the state itself." *Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009). Unless there has been an explicit legislative waiver of immunity, counties cannot "be held vicariously liable in court for the ministerial acts of [their] agents, servants, and employees." *Edmonson Cnty. v. French*, 394 S.W.3d 410, 414 (Ky. App. 2013).

In this case, there has been no explicit waiver of sovereign immunity by the Kentucky General Assembly or the Boyle County Fiscal Court. As a result, Boyle County maintains sovereign immunity under Kentucky law. The record also reflects that the Boyle County Sheriff's Department has not waived its sovereign immunity and , therefore, Wiser's state law claims against it cannot survive.

### D.

Count II of the First Amended Complaint asserts a claim of false imprisonment/false arrest. False imprisonment is "any deprivation of the liberty of one person by another or detention for however short a time without such person's consent and against his will." *Banks v. Fritsch*, 39 S.W.3d 474, 479 (Ky. App. 2001). When a plaintiff seeks to hold an officer who

did not directly participate in the arrest of the plaintiff liable for unlawful arrest and imprisonment, the plaintiff must show the officer "instigated the proceeding or procured the arrest by directing the arrest or advising that the arrest be made." *Triangle Motor Co. v. Smith*, 287 S.W. 914, 915 (Ky. 1926).  When law enforcement officers are involved, there is "no distinction between false arrest and false imprisonment." *Lexington-Fayette Urban Cnty. Gov't v. Middleton*, 555 S.W.2d 613, 619 (Ky. App. 1977).

Wiser contends that she was taken into custody by Curtis and was wrongly confined at the Boyle County Detention Center.  She argues that Sheriff Bottom did not act quickly enough to have the charges against her dismissed when he allegedly knew she was wrongly confined. [Record No. 8 at p. 79]  This, however, is insufficient to show negligent confinement under Kentucky law.  Wiser does not allege that Bottom encouraged her arrest or sought to have her confined beyond the time he learned the charges against her lacked probable cause.  As soon as the County Attorney learned the charges against her lacked probable cause, she was released from confinement.  Thus, Wiser has failed to state a plausible claim for false arrest or false imprisonment.

### E.

For a viable negligent supervision claim, "a claimant must plead the traditional common-law elements of negligence, including duty, breach, an injury, and legal causation linking the defendant's breach to the plaintiff's injury." *Shurwest, LLC v. Howard*, 2021 WL 1050046, at *16 (E.D. Ky. Mar. 19, 2021).  Under Kentucky law, a supervisor cannot be held liable for negligent supervision unless he "knew or had reason to know of" the risk posed by the employee and "failed to take remedial measures to ensure the safety of others." *Smith v. Norton Hosps., Inc.*, 488 S.W.3d 23, 32 (Ky. App. 2016).  Similarly, negligent hiring requires

the plaintiff to allege and show that the employer knew or should have known the employee was unfit for the job and the employee's placement or retention created an unreasonable risk of harm to the plaintiff. *Ritchie v. Turner*, 559 S.W.3d 822, 842 (Ky. 2018).

Wiser claims that Curtis "had many instances of misconduct" prior to being hired by the Boyle County Sheriff's Department that should have made the Department aware that he was unfit to serve. She bases this claim on information revealed through internet searches specifically referencing previous lawsuits in which he was involved about his alleged misconduct. However, as the defendants note, none of these cases resulted in a determination that he violated anyone's rights. [Record Nos. 9-2, 9-3, 9-4]

Taking the facts in the light most favorable to Wiser, the First Amended Complaint is void of allegations that Sheriff Bottom was aware of any of these instances of alleged misconduct or had a duty to investigate such instances when evaluating the potential risks in hiring him. Further, even if he had been aware of these allegations, allegations in other lawsuits, standing alone, are too general to place a supervisor on notice of specific conduct. *Assi v. Hanshaw*, 625 F. Supp. 3d 722, 749 (S.D. Ohio 2022).

Alternatively, even if Wiser had established a basis for a claim of negligent hiring and supervision, the claim would still be barred under the doctrine of qualified immunity. Public officials enjoy qualified official immunity from tort liability "for acts performed in the exercise of their discretionary functions." *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001). Such immunity extends "to public officers or employees if their actions are discretionary and are made in good faith and within the scope of their authority or employment." *Peterson v. Foley*, 559 S.W.3d 346, 351 (Ky. 2018). If a public official can establish the act in question was an exercise of his discretionary authority, "the burden shifts to the plaintiff to establish . . . that

the discretionary act was not performed in good faith." *Yanero*, 65 S.W.3d at 523. Kentucky courts have held that decisions regarding the hiring and retention of an employee are inherently discretionary and, therefore, are decisions entitled to qualified immunity. *Morales v. City of Georgetown*, 2024 WL 4576332, at *7 (Ky. Oct. 24, 2024); *Ritchie v. Turner*, 559 S.W.3d 822, 842 (Ky. 2018) ("decision regarding disciplining, dismissing or retaining" an employee "is inherently a discretionary function").

The basis for Wiser's claims is that Bottom was negligent in hiring and supervising Curtis. At all times, Bottom was a public official, and both his decision to hire and subsequent decisions regarding his supervision of Curtis are examples of a discretionary function. Thus, Wiser's claims in this regard are barred by qualified immunity.

## V.

Based on the foregoing analysis and discussion, it is hereby **ORDERED** as follows:

1. Defendants' Boyle County Sheriff's Department, Taylor Bottom, and Boyle County's motion to dismiss [Records No. 9] is **GRANTED**.

2. The plaintiff's claims against Defendants Boyle County Sheriff's Department, Taylor Bottom, and Boyle County are **DISMISSED**.

Dated: June 30, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky